Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

FEBRUARY 11, 2004
BRUCE RIFKIN, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALLISON LANCE WATSON,

Defendant.

CR04 0066P

INDICTMENT

04-CR-00066-INDI

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (False Declaration before Grand Jury)

1. On or about October 23, 2003, at Seattle, within the Western District of Washington, ALLISON LANCE WATSON, while under oath and testifying in a proceeding before Grand Jury 03-1, a grand jury of the United States in the Western District of Washington, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 43 and 844 had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations, in connection with the theft of chickens from Dai-Zen Egg Farm on May 6 or 7, 2000, and the arson at the headquarters of Holbrook, Inc., on May 7, 2000.

3. It was material to this investigation that the grand jury ascertain who were the occupants of a Penske rental truck with Washington license plate PUJ4116 on the

morning of May 7, 2000, when the truck and its occupants were observed at an AM/PM Mini Market in Rochester, Washington, apparently discarding evidence of these crimes. That truck had been rented from Penske by ALLISON LANCE WATSON on May 5, 2000, and had not yet been returned by ALLISON LANCE WATSON.

4. On October 23, 2003, ALLISON LANCE WATSON, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declaration in response to a question with respect to the material matter alleged in Paragraph 3 as follows:

Q: You were with the truck the whole time?
A: Yes.

5. The aforesaid testimony of ALLISON LANCE WATSON, as she then and there well knew and believed, was false in that ALLISON LANCE WATSON had, in fact, delivered the truck to others, and it was being occupied and driven by three people, none of whom was ALLISON LANCE WATSON, on the morning of May 7, 2000.

All in violation of Title 18, United States Code, Section 1623.

## COUNT 2
### (False Declaration before Grand Jury)

1. On or about October 23, 2003, at Seattle, within the Western District of Washington, ALLISON LANCE WATSON, while under oath and testifying in a proceeding before Grand Jury 03-1, a grand jury of the United States in the Western District of Washington, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 43 and 844 had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations, in connection with the theft of chickens from Dai-Zen Egg Farm on May 6 or 7, 2000, and the arson at the headquarters of Holbrook, Inc., on May 7, 2000.

3.  It was material to this investigation that the grand jury ascertain who were the occupants of a Penske rental truck with Washington license plate PUJ4116 on the morning of May 7, 2000, when the truck and its occupants were observed at an AM/PM Mini Market in Rochester, Washington, apparently discarding evidence of these crimes. That truck had been rented from Penske by ALLISON LANCE WATSON on May 5, 2000, and had not yet been returned by ALLISON LANCE WATSON.

4.  On October 23, 2003, ALLISON LANCE WATSON, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declaration in response to a question with respect to the material matter alleged in Paragraph 3 as follows:

> Q: No one else ever drove the truck besides you?
> A: No.

5.  The aforesaid testimony of ALLISON LANCE WATSON, as she then and there well knew and believed, was false in that ALLISON LANCE WATSON had, in fact, delivered the truck to others, and it was occupied and driven by three people, none of whom was ALLISON LANCE WATSON, on the morning of May 7, 2000.

All in violation of Title 18, United States Code, Section 1623.

## COUNT 3
### (False Declaration before Grand Jury)

1.  On or about October 23, 2003, at Seattle, within the Western District of Washington, ALLISON LANCE WATSON, while under oath and testifying in a proceeding before Grand Jury 03-1, a grand jury of the United States in the Western District of Washington, knowingly did make a false material declaration, that is to say:

2.  At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 43 and 844 had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations, in connection with the theft of

chickens from Dai-Zen Egg Farm on May 6 or 7, 2000, and the arson at the headquarters of Holbrook, Inc., on May 7, 2000.

3. It was material to this investigation that the grand jury ascertain who were the occupants of a Penske rental truck with Washington license plate PUJ4116 on the morning of May 7, 2000, when the truck and its occupants were observed at an AM/PM Mini Market in Rochester, Washington, apparently discarding evidence of these crimes. That truck had been rented from Penske by ALLISON LANCE WATSON on May 5, 2000, and had not yet been returned to Penske by ALLISON LANCE WATSON.

4. On October 23, 2003, ALLISON LANCE WATSON, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declaration in response to a question with respect to the material matter alleged in Paragraph 3 as follows:

Q: Do you recall anyone else ever being in this truck?
A: Not that I recall.

5. The aforesaid testimony of ALLISON LANCE WATSON, as she then and there well knew and believed, was false in that ALLISON LANCE WATSON had, in fact, delivered the truck to others, and it was occupied and driven by those persons on the morning of May 7, 2000.

All in violation of Title 18, United States Code, Section 1623.

## COUNT 4
### (False Declaration before Grand Jury)

1. On or about October 23, 2003, at Seattle, within the Western District of Washington, ALLISON LANCE WATSON, while under oath and testifying in a proceeding before Grand Jury 03-1, a grand jury of the United States in the Western District of Washington, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 43 and 844 had been committed, and to identify the persons who had committed, caused the

1 | commission of, and conspired to commit such violations, in connection with the theft of
2 | chickens from Dai-Zen Egg Farm on May 6 or 7, 2000, and the arson at the headquarters
3 | of Holbrook, Inc., on May 7, 2000.
4 |     3.    It was material to this investigation that the grand jury ascertain who were
5 | the occupants of a Penske rental truck with Washington license plate PUJ4116 on the
6 | morning of May 7, 2000, when the truck and its occupants were observed at an AM/PM
7 | Mini Market in Rochester, Washington, apparently discarding evidence of these crimes.
8 | That truck had been rented from Penske by ALLISON LANCE WATSON on May 5,
9 | 2000, and had not yet been returned to Penske by ALLISON LANCE WATSON.
10 |     4.    On October 23, 2003, ALLISON LANCE WATSON, appearing as a witness
11 | under oath at a proceeding before the grand jury, knowingly made the following
12 | declaration in response to a question with respect to the material matter alleged in
13 | Paragraph 3 as follows:
14 |     Q:    Was Gina Lynn ever in the truck?
    A:    Not that I recall.
15 |
16 | ///
17 | ///
18 | ///

5. The aforesaid testimony of ALLISON LANCE WATSON, as she then and there well knew and believed, was false in that ALLISON LANCE WATSON had, in fact, delivered the truck to Gina Lynn and other persons, and Gina Lynn and those other persons were in the truck on the morning of May 7, 2000.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL:

DATED: 2/11/04

JT Moore
FOREPERSON

_____
JOHN McKAY
United States Attorney

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
J. TATE LONDON
Assistant United States Attorney